Matter of Lewis

2026 NY Slip Op 03074

May 14, 2026

Appellate Division, First Department

Per Curiam

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Janelle Melissa Lewis, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Janelle Melissa Lewis (OCA Atty. Reg. No. 5125703), Respondent.

Supreme Court, Appellate Division, First Judicial Department

Decided and Entered: May 14, 2026

Motion No. 2026-01135|Case No. 2026-00170|

Present — Hon. Saliann Scarpulla, Justice Presiding, Martin Shulman Julio Rodriguez III Marsha D. Michael Margaret A. Chan

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Brian E. Shulman, of counsel), for petitioner.

Respondent, pro se.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Janelle Melissa Lewis, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on April 24, 2013.

Per Curiam

[*1]

Respondent Janelle Melissa Lewis was admitted to the practice of law in the State of New York by the Second Judicial Department on April 24, 2013. Because respondent maintains a registered address in the First Judicial Department, this Court retains jurisdiction over respondent pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.7(a)(2).

The Attorney Grievance Committee (AGC) opened an investigation upon receipt of a complaint filed by an immigration attorney practicing in Texas. The complainant stated that they hired respondent through an internet platform designed to assist in the hiring of freelance attorneys to provide drafting and research services. Respondent was hired by the complainant to draft a response to an order to show cause in the United States District Court for the District of New Mexico. The complainant did not check respondent's citations or the substance of the papers, making only minor stylistic changes. Respondent's draft, however, was replete with citations to non-existent cases attributed by the court to hallucinations by ChatGPT or a similar artificial intelligence program. Complainant was fined $1,500 and ordered to contact the internet platform, self-report their sanction, and report respondent to the New York disciplinary authorities.

In furtherance of the AGC's investigation, on October 3, 2025, the AGC and respondent agreed to November 6, 2025 as the date for respondent's virtual examination under oath (EUO). However, on October 6, 2025, respondent informed the AGC that she would not be appearing for the scheduled EUO because the AGC's investigation was "a racist attack and a form of racial and gender harassment."

The AGC then sought respondent's consent to serve her with a judicial subpoena via email. The subpoena directed respondent to appear for a virtual EUO and to produce specified records. Respondent informed the AGC that she would not consent to service by email and requested that the AGC "cease and desist" from further communications with her.

On November 2, 2025, respondent emailed AGC staff and stated that she had "resigned" from the New York bar and characterized the AGC's investigation as a "fishing expedition." The following day, respondent contacted, among others, the Appellate Division, Second Department, Hon. Denise Hartman, Justice Hartman's Secretary, and the New York State Unified Court System's Office for Justice Initiatives, stating that she had resigned from the New York State bar. In her email correspondence, respondent referred to 22 NYCRR 1240.10(a)(2) (resignation while investigation or proceeding is pending), but she did not submit any appropriate application to the Court. Instead, respondent attached an affidavit purporting to resign for non-disciplinary reasons and characterized the AGC's investigation as a "malicious persecution designed to sabotage [her] professional career."

[*2]

The AGC emailed respondent on November 5, 2025, reminding her about the virtual EUO scheduled for the 6th at 10:00 a.m. Respondent emailed AGC staff and stated that the AGC was "already notified that [respondent] was not, and will not be, attending any hearing." Respondent sent a subsequent email in which respondent stated: "There is no ethical violation. There are no legitimate charges." Respondent demanded the AGC "[a]ccept [her] resignation immediately with whatever cause [AGC staff] wishes to assign."

Respondent also emailed the New York State Office of the Attorney General, among others, and alleged that she was "being harassed by the First Department Disciplinary Committee through a baseless investigation" and that the AGC "refuse[d] to accept [her] resignation." Respondent, however, never moved before any Court to resign pursuant to 22 NYCRR 1240.10.

On November 14, 2025, the AGC sent a letter to respondent's business address via first class mail with tracking, certified mail, and email detailing the AGC's attempts to depose respondent. The AGC informed respondent that her failure to appear and produce the subpoenaed documents on November 24, 2025, could expose her to suspension and/or formal charges. On November 24, 2025, respondent failed to appear for her EUO after previously declining the Microsoft Teams invitation on November 19, 2025.

The AGC now seeks an order pursuant to 22 NYCRR 1240.9(a)(1) and (3), immediately suspending respondent from the practice of law based on her failure to appear for an examination under oath and produce documents pursuant to a subpoena, as well as her failure to comply with a lawful demand of the Court or AGC in an investigation or proceeding.

22 NYCRR 1240.9(a) provides, in relevant part, for an interim suspension:

"upon a finding by the Court that the respondent has engaged in conduct immediately threatening the public interest. Such a finding may be based upon: (1) the respondent's default in responding to a . . . notice to appear for formal interview, examination, or pursuant to subpoena . . . [or] (3) the respondent's failure to comply with a lawful demand of . . . a Committee in an investigation."

The AGC maintains that respondent's interim suspension under 22 NYCRR 1240.9(a)(1) and (3) is warranted because respondent "failed to appear for an [EUO] as directed by a judicial subpoena" and "failed to respond to the [AGC's] lawful demands for documents and information regarding the allegations of professional misconduct." The AGC notes that this Court has previously suspended attorneys based on their failure to cooperate with the AGC's investigation and produce records or appear for an EUO as directed by judicial subpoena (see Matter of Kaufman, 238 AD3d 5 [1st Dept 2025]; Matter of Grant, 224 AD3d 1 [1st Dept 2024]).

Respondent has not submitted a response to the AGC's motion.

[*3]

The AGC has met its burden, and respondent should be immediately suspended pursuant to 22 NYCRR 1240.9(a)(1) and (3), as the record demonstrates that respondent refused to appear for an EUO and produce the requested documents as directed by judicial subpoena, and failed to comply with the AGC's lawful investigative demands (see e.g. Matter of Kaufman, 238 AD3d at 8; Matter of Hooker, 229 AD3d 22 [1st Dept 2024]; Matter of Grant, 224 AD3d at 5; Matter of Naccarato, 222 AD3d 32 [1st Dept 2023]).

Accordingly, the AGC's motion should be granted, and respondent suspended from the practice of law, effective immediately, and until further order of this Court.

All concur.

Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department, pursuant to 22 NYCRR 1240.9 (a)(3), is granted, and respondent, Janelle Melissa Lewis, is suspended from the practice of law in the State of New York effective immediately, and until further order of this Court; and

It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension, respondent, Janelle Melissa Lewis, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and

It is further Ordered that, during the period of suspension, respondent, Janelle Melissa Lewis, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and

It is further Ordered that if respondent, Janelle Melissa Lewis, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith, and

It is further Ordered that, within 20 days of the date of service of this order, respondent Janelle Melissa Lewis, may submit a request, in writing, to this Court for a post-suspension hearing (see 22 NYCRR 1240.9[c]).

Entered: May 14, 2026